# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JESSIE LEE WARD, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00426 |
| | § | Judge Mazzant |
| MODERE, INC., | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jessie Lee Ward's ("Ward") Motion to Remand (Dkt. #5). Having considered the relevant pleadings, the Court finds that Ward's motion should be denied.

## BACKGROUND

This is a case about a failed business association. Ward entered an agreement to develop business for Defendant Modere, Inc. ("Modere"). Starting in October 2015, Ward purportedly sold Modere's products and services and enlisted others to sell Modere's products and services with claimed, considerable success. In August 2017, Ward alleges that Modere stopped paying her as required by their business agreement. On September 21, 2017, Ward filed her Original Petition in state court, seeking damages for (1) breach of contract, (2) common law fraud, (3) money had and received, (4) unjust enrichment, (5) fraudulent inducement, (6) violations of Chapter 54 of the Texas Business and Commerce Code, and (7) quantum meruit, as well as (8) attorneys' fees, interest, and costs (Dkt. #3 at pp. 3–9). Ward sought over $5 million in damages (Dkt. #3 at p. 1). On November 21, 2017 and April 30, 2018, Ward filed her First Amended Original Petition and Second Amended Original Petition (Dkt. #1, Exhibit 18; Dkt. #1, Exhibit 31).

On March 1, 2018, Ward responded to Modere's renewed motion to compel arbitration, asserting notably that "[her] address is 8733 Delcris Drive, Montgomery Village, Maryland, 20886." (the "Maryland Address") (Dkt. #8, Exhibit 1 at p. 7). Ward further explained that she "executed [her response] in Montgomery County, State of Maryland, on the 1st day of March, 2018." (Dkt. #8, Exhibit 1 at p. 7). On May 18, 2018, Modere received Ward's deposition testimony transcript, explaining that she resided at the Maryland Address with her husband and had done so since July 2015 (Dkt. #1, Exhibit 41 at p. 6). On June 15, 2018, Modere removed the case, claiming diversity jurisdiction (Dkt. #1). On June 25, 2018, Ward filed her Motion to Remand (Dkt. #5). On July 9, 2018, Modere responded (Dkt. #8). On July 13, 2018, Ward replied (Dkt. #90. On July 20, 2018, Modere filed its sur-reply (Dkt. #10).

## LEGAL STANDARD

Defendant seeks to retain this case in federal court. A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

A defendant shall remove an action within thirty days of receiving a pleading[1], articulating a case that is removable. 28 U.S.C. § 1446(b). If the initial pleading does not present a removable case, "a notice of removal may be filed within 30 days after receipt by the defendant, through

---

[1] The Federal Rules of Civil Procedure recognize the following as pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." FED. R. CIV. P. 7(a).

service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(C)(3) (emphasis added). Such sources should present "newly acquired facts" to permit removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)).

"'[O]ther paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (quoting *S.W.S. Erectors*, 72 F.3d at 494). The Fifth Circuit recognizes deposition testimony transcripts as "other paper" for purposes of a court's timely-removal analysis. *S.W.S. Erectors*, 72 F.3d at 494. "[A] defendant's subjective knowledge cannot convert a case into a removable action." *Id*. "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446.

## ANALYSIS

Ward argues that Modere did not remove the case in a timely manner. Ward avers that her citizenship and, accordingly, the grounds for removal became clear with her response to Modere's renewed motion to compel arbitration on March 1, 2018. Modere counters that Ward's citizenship was not "unequivocally clear and certain" until the company received Ward's deposition testimony transcript and learned that the parties were, indeed, diverse and removal was appropriate on May 18, 2018. *Bosky*, 288 F.3d at 211 (quotations omitted). The parties do not dispute that the case's

amount in controversy—purportedly $5,000,000—satisfies the amount in controversy requirement for diversity jurisdiction or that Modere is a citizen of Utah for purposes of diversity jurisdiction[2].

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." *Id.* at 248 (citing United States Const. amend. XIV, § 1). "'[R]eside' has been interpreted to mean more than to be temporarily living in the state; it means to be 'domiciled' there." *Id.* "Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state." *Id.* In deciding a party's domicile, a court considers "[1] where the litigant exercises civil and political rights, [2] pays taxes, [3] owns real and personal property, [4] has driver's and other licenses, [5] maintains bank accounts, [6] belongs to clubs and churches, [7] has places of business or employment, and [8] maintains a home for his family." *Id.* at 251. "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.*

Since Ward's original petition, first amended original petition, and second amended original petition did not address her domicile, they did not demonstrate the diverse citizenship needed for diversity jurisdiction (Dkt. #1, Exhibit 1; Dkt. #1, Exhibit 15; Dkt. #1, Exhibit 31). Ward's response to Modere's renewed motion to compel arbitration certainly stated that her current address as of March 1, 2018 was the Maryland Address but this was not "unequivocally clear and certain" proof of her domicile at that time, let alone her domicile at the time that she initiated suit. *Bosky*, 288 F.3d at 211 (quotations omitted). After all, the response only claims that

---

[2] Modere claims to be a Utah Corporation with its principal place of business in Utah (Dkt. #1 at p. 5). Ward does not dispute this contention.

Ward's address on March 1, 2018 was the Maryland Address and did not even suggest, let alone explicitly claim, that she resided at the Maryland Address in September 2017 when she filed suit. Moreover, Ward's mere claim of her current address as the Maryland Address did not satisfy the criteria to establish her domicile under law. *Coury*, 85 F.3d at 251; *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) ("Domicile requires the demonstration of two factors: residence and the intention to remain."). Indeed, a tourist might have a current address on a tropical island while on vacation or a traveling saleswoman might have a current address in a distant city while visiting on business but no court would call such places their domicile based solely on those current addresses.

Only through her deposition testimony did Ward reveal that she had resided at the Maryland Address since 2015 with her husband, satisfying at least one criterion for domicile by explaining that she "maintains a home for [her] family" in Maryland. *Coury*, 85 F.3d at 251. In turn, Ward voluntarily gave Modere "unequivocally clear and certain" grounds for removing the case through other paper, i.e. her deposition testimony transcript, on May 18, 2018. *Bosky*, 288 F.3d at 211 (quotations omitted). Since Modere removed the case within thirty days of receiving Ward's deposition testimony transcript, the removal was timely. Since the Court deems removal proper, it will not decide whether Modere should pay Ward's attorneys' fees.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Jessie Lee Ward's Motion to Remand (Dkt. #5) is **DENIED**.

**SIGNED this 6th day of August, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE